UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDIE MCNEIL,
Parent and next friend of J.M., a minor

        Plaintiffs,

  v.

OPTIONS PUBLIC CHARTER SCHOOL,

        Defendant.

Civil Action No. 12-529
DAR

## MEMORANDUM OPINION

Plaintiff Judie McNeil initially brought this action, in her own right and on behalf of her minor child, J.M. ("Plaintiffs"), to recover $19,293.57 in attorneys' fees and costs that Plaintiffs incurred in connection with administrative proceeding conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, *et seq*. *See* Complaint for Declaratory Judgment, Injunctive and Other Relief (Document No. 1).

On March 1, 2013, the undersigned United States Magistrate Judge recommended that the Court grant in part and deny in part Plaintiffs' Motion for Summary Judgment. *See* Report and Recommendation (Document No. 16); *McNeil v. Options Pub. Charter Sch.*, No. 12-0529, 2012 WL 791199, at * 4 (D.D.C. Mar. 1, 2013). The undersigned recommended a reduction of the number of hours for which Plaintiffs sought fees, to reflect their limited success in the underlying administrative proceeding. *McNeil*, 2013 WL 791199, at *7.[1] On March 25, 2013, the Court (Sullivan, J.), *sua sponte*, stayed proceedings in this case pending further order of the

---

[1] "Because Plaintiffs' success was limited to one of the six issues raised in the due process complaint, the undersigned recommend[ed] a reduction of the number of hours for which fees will be awarded to one-sixth of the number of hours claimed." *McNeil*, 2013 WL 791199, at *7.

Court.  *See* 03/25/2013 Minute Order.  On May 23, 2014, the Court granted Plaintiffs' unopposed motion to lift the stay, adopted the Report and Recommendation filed by the undersigned, and awarded Plaintiff $11.439.51 in attorneys' fees.  *See* 05/23/2014 Minute Order.

On June 27, 2014, Defendant filed Defendant's Motion to Correct the Court's May 23, 2014 Minute Order.  *See* Motion to Correct (Document No. 21) at 1.  Defendant asserted that the Court made a mistake in its calculation of attorneys' fees by awarding Plaintiffs $11,439.51 instead of $1,914.54.  *Id*. at 3; *see also* Memorandum of Points and Authorities in Support of Motion to Correct the Court's May 23, 2014 Minute Order at 2–3.  On June 27, 2014, the Court (Sullivan, J.), granted Defendant's motion and amended the Order to reflect an award of fees in the amount of $1,914.54.  *See* 07/03/2014 Minute Order.

Plaintiffs now seek to recover fees and costs incurred in that fee litigation.  Plaintiffs' Motion for Attorneys' Fees ("Plaintiffs' Motion") (Document No. 19).  Upon consideration of the motion, the memoranda in support thereof and the opposition thereto, the exhibits offered by the parties, and the entire record herein, the undersigned will grant in part and deny in part Plaintiffs' motion.

**CONTENTIONS OF THE PARTIES**

Plaintiffs submit that they are prevailing parties and thus are eligible for an additional award of fees for the time spent on obtaining attorneys' fees. Memorandum of Points and Authorities Submitted in Support of the Plaintiffs' Motion for Attorneys' Fees ("Plaintiffs' Memorandum") (Document No. 19) at 4–5.  Plaintiffs assert that the hours expended in the fees litigation are reasonable.  *See id*. at 5–7.  Plaintiffs further contend that they have fully documented their attorneys' fees by attaching a detailed itemization of tasks performed and hours expended on this case; an affidavit from James E. Brown describing the billing practices

and specialization of the firm and also the qualifications of Ms. Neloms, who completed work on this case before leaving the firm in 2012; and an affidavit from Robert Jones detailing his qualifications, skill, and experience.  *See* Plaintiffs' Memorandum at 5; *see also* Plaintiffs' Invoice; Exhibit 2 ("Jones Affidavit") (Document No. 19-2) at 5–7; Exhibit 3 ("Brown Affidavit") (Document No. 19-2) at 9–10.

Plaintiffs assert that the hourly rates requested are reasonable and reflect the applicable hourly rate for attorneys with the demonstrated skills, experience, and reputation of Plaintiffs' attorneys.  *See* Plaintiffs' Memorandum at 7–9.  Furthermore, Plaintiffs have "voluntarily chosen to limit their fee request to ¾ of the *Laffey* matrix rate." *Id*. at 8.[2]  Accordingly, Plaintiffs seek a total of $6,690.07, which includes $6,540.07 in attorneys' fees at the rates of $333.75 per hour for work performed by Roxanne Neloms and $217.50 per hour for work performed by Robert W. Jones.  *See* Plaintiffs' Memorandum at 6; *see also* Exhibit 1 ("Plaintiffs' Invoice") (Document No. 19-2) at 2–3.[3]

Defendant, in its opposition, does not contest Plaintiffs' entitlement to fees, counsel's billing rates, or specific time entries.  *See generally* Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff[s]' Motion for Attorneys' Fees ("Defendant's Memorandum") (Document No. 22) at 1–2.  Rather, Defendant contends that Plaintiffs' fee request is unreasonable with respect to the "degree of success obtained through this litigation."

---

[2] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds,* 746 F.2d 4 (D.C. Cir. 1984), *cert. denied,* 472 U.S. 1021 [105 S.Ct. 3488, 3489, 87 L.Ed.2d 622] [ ](1985)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote omitted).  The Civil Division of the United States Attorney's Office for the District of Columbia updates and maintains a *Laffey* matrix, available at
https://www.justice.gov/usaodc/file/796471/download.

[3] In this case, Ms. Neloms' applicable *Laffey* rate is $445 per hour and Mr. Jones' rate is $290 per hour for the 2012–2013 period.  *See* Plaintiffs' Memorandum at 8.

*Id*. Accordingly, Defendant submits that the Court should award Plaintiffs no more than $669.00 in fees "given the extremely limited success obtained though this litigation." *Id*. at 2.

In reply, Plaintiffs maintain that in the instant case, "there were effectively two issues presented before the Court: whether the Plaintiffs were entitled to an award of attorneys' fees, and if so what amount of fees." Plaintiffs' Reply to the Defendant's Opposition to the Plaintiff's Motion for Attorneys' Fees ("Plaintiffs' Reply") at 3. Thus, Plaintiffs contend that "there are no separate issues on which the Plaintiffs failed to prevail which are unrelated to the issues on which they prevailed." *Id*. With respect to the number of hours claimed, Plaintiffs contend that the hours were reasonably expended in demonstrating that they prevailed in the underlying fee litigation and are entitled to an award of attorneys' fees. *See id*. As an example, Plaintiffs contend that as part of the initial fee litigation, the parties presented oral arguments on the motion for summary judgment before the undersigned. *See id*.; 11/05/2013 Minute Entry. Plaintiff further argues that the hours expended were necessary to secure any relief for Plaintiffs because Defendant had "strenuously" challenged Plaintiffs' prevailing party status and entitlement to any award of fees. *See id*. at 4. Finally, Plaintiff maintains that because Defendant "presented no arguments contesting the rate at which fees are sought or the specific time entries[,]" the Court should find that Defendant has conceded those issues. *Id*. at 4–5.

**APPLICABLE STANDARDS**

In actions for attorney's fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). "Parties who prevail at the administrative level can also recover fees-on-fees, as our general rule is that the court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.'" *Kaseman v. District of Columbia*, 444 F. 3d 637, 640

(D.C. Cir. 2006) (quoting *Envtl. Def. Fund v. EPA*, 672 F.2d 42, 62 (D.C. Cir. 1982)). In evaluating such a request, the Court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, must then evaluate whether the requested fees are reasonable. *Wood v. District of Columbia*, 72 F. Supp. 3d 13, 18 (D.D.C. 2014) (citing *Staton v. District of Columbia*, No. 13–773, 2014 WL 2700894, at *3 (D.D.C. June 11, 2014), *adopted by*, 2014 WL 2959017; *Douglas v. District of Columbia*, 67 F. Supp. 3d 36, 40 (D.D.C. 2014)).

As the Circuit recently observed, "[t]he IDEA provides no further guidance for determining an appropriate fee award." *Eley v. District of Columbia*, 793 F. 3d 97, 100 (D.C. Cir. 2015). Thus, the common mechanism for the determination of a reasonable award is generally "the number of hours reasonably expended" multiplied by a reasonable hourly rate. *Wood*, 72 F. Supp. 3d at 18 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party requesting fees bears the burden of demonstrating the reasonableness of the hours expended, and "may satisfy this burden by submitting an invoice that is sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id.* (citing *Hensley*, 461 U.S. at 433).

The party requesting fees "also bears the burden of establishing the reasonableness of the hourly rate sought," and in doing so, "must submit evidence on at least three fronts: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Wood*, 72 F. Supp. 3d at 18–19 (internal quotation marks omitted) (citing *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995)). If the party requesting fees satisfies its burden, "there is a presumption that the number of hours billed and the hourly rates are reasonable," and "the burden then shifts to the [opposing party] to rebut" this presumption. *Id.* (citations and internal quotation marks omitted).

In this jurisdiction, the *Laffey* Matrix serves as the commonly accepted benchmark for the determination of prevailing market rates for attorneys' fees in complex federal court litigation. *See Eley*, 793 F. 3d at 100. "The prevailing market rate provides merely a starting point for determining the reasonableness of a billing rate . . . . The fee applicant should also submit evidence, including affidavits, regarding her counsel's general billing practices, skill, experience and reputation." *Wood*, 72 F. Supp. 3d at 21 (quoting *Baker v. District of Columbia Pub. Sch.*, 815 F. Supp. 2d 102, 114 (D.D.C. 2011)) (citations omitted) (internal quotation marks and alterations omitted).

While no provision of IDEA expressly provides for an award of attorney's fees reasonably incurred for prevailing in the underlying litigation, this Court has observed that

> [n]othing in the statutory language of the IDEA fee-shifting provision prohibits "fees on fees" requests and no authority holds that such a request in inherently unreasonable. In fact, this Circuit has previously approved the collection of "fees on fees" in IDEA actions in accordance with its "general rule . . . that [a] court may award additional fees for 'time reasonably devoted to obtaining attorney's fees.' "

*Garvin v. District of Columbia*, 910 F. Supp. 2d 135, 138 (D.D.C. 2012).

However, with regard to "fee collection" or "fees-on-fees" litigation in IDEA matters, there is significant support in this Court for the proposition that the straightforward nature of the proceedings warrants an award at one-half of an attorney's applicable *Laffey* rate. *See, e.g.*, *Briggs v. District of Columbia*, 102 F. Supp. 3d 164, 169 (D.D.C. 2015); *Turley v. District of Columbia*, No. 14-0004, 2015 WL 7292752, at *5 (D.D.C. Oct. 20, 2015); *Staton v. District of Columbia*, No. 13-1966, 2015 WL 5728884, at *5 (D.D.C. Sept. 30, 2015); *Means v. District of Columbia*, 999 F. Supp. 2d 128, 136 (D.D.C. 2013); *Garvin*, 910 F. Supp. 2d at 140; *Wright v. District of Columbia*, 883 F. Supp. 2d 132, 135 (D.D.C. 2012); *Collins v. District of Columbia*, No. 15-00136, 2015 WL 7720464, at *10 (D.D.C. Nov. 30, 2015).

In addition, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Therefore, a "degree of success" reduction in an award may be warranted given certain circumstances. *See Briggs*, 102 F. Supp. 3d at 171 (further reducing an award to reflect the fact that counsel was only awarded three-quarters of their applicable *Laffey* rate with regard to the initial fees litigation).

**DISCUSSION**

The undersigned finds that a straightforward reduction of Plaintiffs' fee request to ten percent of the $6,690.07 sought, to reflect Plaintiffs' limited success in the underlying fee litigation, is too simplistic. In lieu of such a reduction, the undersigned holds that a specific reduction in the Plaintiffs' requested rate, as well as a reduction based on the limited success of the Plaintiffs' original claim, is a more appropriate exercise of the Court's discretion.

While Plaintiffs' counsel have voluntarily reduced their requested hourly rate to three-quarters of the *Laffey* matrix rate, the Court finds that still further reductions to this rate are necessary under the circumstances presented here. In the initial fee litigation, the undersigned recommended an applicable "market rate of 75% of the *Laffey* matrix rates, plus . . . twenty percent reductions for failure to sufficiently establish skill, experience, and reputation[.]" *See McNeil*, 2013 WL 791199, at *10. In keeping with "established precedent in this jurisdiction, Plaintiffs are entitled for an award at one-half of their attorneys' applicable rate, given the straightforward and routine nature of the fees on fees litigation." *Briggs v. District of Columbia*, No. 14-1254, 2016 WL 1170928, at *3 (D.D.C. Mar. 24, 2016).[4]

---

[4] In IDEA fee litigation actions, the undersigned typically applies a case-by-case determination and rejects the notion of a categorical approach with regard to *Laffey* rate percentages. The undersigned finds that such a case-by-

Plaintiffs submitted a detailed itemization of tasks performed and hours expended on this case; an affidavit from Mr. Brown describing the qualifications of Ms. Neloms, who worked on this case before leaving the firm in 2012, and an affidavit from Mr. Jones detailing his qualifications, skill, and experience.  *See* Plaintiffs' Memorandum at 5; *see also* Plaintiffs' Invoice; Exhibit 2 ("Jones Affidavit") (Document No. 19-2) at 5–7; Exhibit 3 ("Brown Affidavit") (Document No. 19-2) at 9–10.  Thus, Plaintiffs have provided information sufficient to establish the skill, experience and reputation of their attorneys.  *See McNeil*, 2013 WL 791199, at *10.  Accordingly, the undersigned finds that the applicable rate for Plaintiffs' award is one-half of the applicable *Laffey* rate, as outlined in the table below.

|  | Plaintiffs' Rate (75% of *Laffey*) | Adjusted Rate (50% of *Laffey*) | Hours | Total Award |
|---|---|---|---|---|
| Roxanne Neloms | $ 333.75 | $ 222.50 | 2 | $ 445.00 |
| Robert Jones | $ 217.50 | $ 145.00 | 27 | $ 3915.00 |
| Costs |  |  |  | $ 150.00 |
| **Total** |  |  |  | **$ 4510.00** |

A proper calculation of the reasonable rate, however, is not the end of the process of determining an appropriate fee award.  As Defendant notes, courts in this jurisdiction have utilized their discretion to reduce an award of "fees-on-fees" by the same proportion as the reduction of attorney fees awarded based on the underlying administrative action.  *See Briggs*, 102 F. Supp. 3d at 171.  In this instance, Plaintiffs were only successful on one of the six claims presented at the administrative level.  Accordingly, the undersigned recommended that the Plaintiffs' attorney fee award be reduced to one-sixth of the requested amount.[5]  That recommendation was adopted by the Court.  05/23/2014 Minute Order.  The undersigned,

---

case analysis is not warranted for fees-on-fees litigation, given the nature and circumstances of such proceedings. *See Briggs*, 2016 WL 1170928, at *3, n.4.

[5] *See supra* note 1.

therefore, will exercise its discretion to similarly reduce this "fees-on-fees" award to one-sixth of the total outlined above. Accordingly, the undersigned finds that Plaintiffs are entitled to an award of fees and costs in the amount of $751.67.

                                                  /s/
                                  DEBORAH A. ROBINSON
                                United States Magistrate Judge

Date:  September 22, 2016